NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2885
_____

UNITED STATES OF AMERCIA

v.

RONALD GROVER,
                                        Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-18-cr-00046-004)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on April 15, 2020

Before: CHAGARES, SCIRICA, and ROTH, *Circuit Judges*

(Filed: October 27, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Appellant Ronald Grover appeals from a judgment of conviction and sentence—following a guilty plea—for conspiracy to burglarize a pharmacy, burglary of a pharmacy, conspiracy to possess stolen firearms, and possession of stolen firearms. On appeal, Grover contends the trial court committed reversible error by granting the Government's motion in limine to preclude him from introducing a duress defense at trial. We disagree and will affirm.

**I.**

On January 16, 2018, Ronald Grover, Henry Morales, Jorge Santiago, Fernando Rodriguez, and an uncharged juvenile traveled from Lancaster to Lebanon, Pennsylvania in a car owned by Grover's sister. The group, including Grover, broke into the Medicine Shoppe Pharmacy and stole cough syrup with codeine. They then drove to Palmyra, Pennsylvania where three members of the group broke into the Horseshoe Pike Gun Shop. Grover waited in the car until the others returned. After robbing the store, Rodriguez and Santiago fled on foot with thirteen guns. Grover, Morales, and the juvenile fled in the car. They sideswiped a parked car less than two blocks from the gun shop and drove into several traffic cones. Morales and the juvenile then fled on foot, and Grover drove home to Lancaster alone after asking for directions at a convenience store.

On January 22, 2018, Grover consented to a non-custodial interview with federal agents, during which he asserted that he had agreed to let his co-defendants use his sister's car but did not know their intended destination. He stated he got into the car and smoked marijuana and took Xanax pills with them, but he was unaware the group

2

intended to burglarize a pharmacy. Grover told the agents once the group arrived in Lebanon, Rodriguez spoke on his cellphone with a man known as "AB" who wanted them to rob the pharmacy. While on speaker phone, AB told Grover, "if you don't go in the store, then you know you're going to have to deal with me when you come back to the city." Grover mentioned he did not know AB but believed AB would harm him or his family if he did not participate in the burglary.

On February 14, 2018, a grand jury returned an indictment charging Grover, Morales, Santiago, and Rodriguez with conspiracy to burglarize a pharmacy, burglary of a pharmacy, conspiracy to possess stolen firearms, and possession of stolen firearms. Initially, Grover pleaded not guilty.

On March 28, 2019, the trial court held an evidentiary hearing regarding the Government's motion in limine to preclude Grover from offering a duress defense at trial. Grover reiterated his statements made during his interview with federal agents—that he had agreed to let the group use his sister's car, but that he did not know the intended destination, and that an unknown man named AB threatened him on the phone. Grover also testified Rodriguez told him he would "beat [him] up" if Grover did not engage in the burglary, and that Rodriguez and Santiago were "known for violence . . . and carrying guns and beating people up and stuff like that." Grover asserted he reluctantly entered the pharmacy. He also claimed that on the way to the gun shop, he wanted to be let out of the car, but could not "jump out" because it was "moving too fast." Grover then stated that he waited in the car for five to six minutes until his co-defendants returned from the gun shop and that he could not see inside the gun shop from the car.

3

The trial court granted the Government's motion in limine, finding Grover failed to make a prima facie showing of duress. *United States v. Grover*, No. 18-cr-46, 2019 WL 1437904, at \*1 (M.D. Pa. Apr. 1, 2019). On the condition that he could appeal the ruling on the motion in limine, Grover pleaded guilty on all counts. The trial court sentenced him to 41 months' imprisonment, three years' supervised release, a special assessment of $400, and $5,551.87 in restitution to be paid jointly and severally with his co-defendants. This appeal followed.

## II.[1]

Grover presents two issues for our review: (1) whether the trial court made an impermissible credibility determination and (2) whether the trial court erred in finding he had not satisfied his prima facie burden of production for his duress defense. We conclude that neither issue is meritorious. We concur with the trial court's decision to preclude Grover from offering a duress defense at trial.

## A.

Grover first contends the trial court "over-stepped its proper role" by making an impermissible credibility determination rather than assessing whether the evidence "was legally sufficient to meet the four elements" of duress. The ultimate determination of a witness's credibility is solely the province of the jury, not a judge. *See United States v. Bailey*, 444 U.S. 394, 414–15 (1989) (remarking the Constitution "makes jurors the

---

[1] The trial court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. The trial court's decision to preclude evidence of an affirmative defense is a question of law subject to plenary review. *United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990).

judges of credibility of testimony offered by witnesses"). But the trial court refrained from making a definitive credibility determination. Even though it noted "Defendant Grover's testimony at the evidentiary hearing . . . was not entirely consistent with his January 22, 2018 statement given to federal agents," *Grover*, 2019 WL 1437904, at *4, it gave Grover's testimony the benefit of the doubt, *see, e.g.*, *id.* ("*Even if the Court credits Defendant Grover's testimony at the hearing in its entirety*, he fails to make a *prima facie* showing as to all four elements of a duress defense." (first emphasis added)). In doing so, the trial court did not deviate from its proper function of reviewing the evidence to discern whether Grover made a prima facie showing of a duress defense.

**B.**

Grover next contends his testimony was sufficient to establish a prima facie case "as to all four elements of his duress defense." Ultimately, Grover must prove the affirmative defense of duress by a preponderance of the evidence. *United States v. Alston*, 526 F.3d 91, 95 (3d Cir. 2008); *see also Dixon v. United States*, 548 U.S. 1, 8 (2006) (upholding a jury instruction placing "the burden on petitioner to establish the existence of duress by a preponderance of the evidence"). To establish duress, Grover must show (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, (3) no reasonable opportunity to escape the threatened harm, and (4) he did not recklessly place himself in a situation in which he would be forced to engage in criminal conduct. *United States v. Miller*, 59 F.3d 417, 422 (3d Cir. 1995). If he fails to proffer sufficient evidence to support any one element, the court may preclude him from presenting the defense at trial. *See Bailey*, 444 U.S. at 416.

The trial court assumed that Grover established the first and second elements but held that Grover failed to provide sufficient evidence for the third and fourth elements. Because we agree that Grover failed on the third element—that he had no reasonable opportunity to escape—we will affirm. *See id*. at 410 ("[I]f there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defense[] will fail."). Thus, though Grover contests all four elements, we need only address the third. *See Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011) ("We may affirm a district court for any reason supported by the record.").

Grover contends he satisfied the third element, stating that he was unable to escape because he did not have the keys to the car, his cellphone died, and he was in an unfamiliar town. Grover also contends he could not flee the burglaries because his co-defendants knew where he lived and could harm his family.

To satisfy the third element of duress, a defendant must have no "reasonable, legal alternative to violating the law." *Bailey*, 444 U.S. at 410. Grover's testimony establishes at least two reasonable opportunities to escape but does not sufficiently explain why he failed to take advantage of those opportunities. First, when the group broke into the pharmacy, Grover hesitated and was the last person to go inside. In that moment, he could have escaped and sought aid. Second, while his co-defendants burglarized the gun store, Grover sat alone in the car for five to six minutes. Even accepting Grover's claim that there was a "snowstorm," that he was in an "unfamiliar town, miles from home," and that he had a "dead cell phone," Grover could have exited the vehicle and reported the

6

crimes. He claims he wanted to escape badly enough that while riding to the gun store he had asked to be let out of the car, but did not exit because the car was "moving too fast" so that he could not even "jump out." Despite his alleged willingness to jump out of a moving car, he then failed to take a clear opportunity to escape when left alone in the parking lot for over five minutes. He even acknowledges that the co-defendants could not see him while they were inside the gun store, further highlighting his opportunity to escape. Accordingly, we agree with the trial court that Grover failed to establish a prima facie case for the third element of duress. This ends our inquiry because Grover must provide sufficient evidence for each element of duress for his defense to survive.

### III.

For the foregoing reasons, we see no error here. We will affirm the judgment of conviction and sentence.